```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :    19 CR 351 (VM)
                                     :
     - against -                     :    DECISION AND ORDER
                                     :
ANTONIO MEDINA,                      :
                                     :
                    Defendant.       :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On April 8, 2020, defendant Antonio Medina ("Medina") moved for temporary release on bail from the Metropolitan Detention Center ("MDC") pursuant to 18 U.S.C. Section 3142(i) ("Section 3142(i)"). (See "Bail Application," Dkt. No. 62.) On April 13, 2020, the Government opposed the Bail Application. (See "Government Opposition," Dkt. No. 65.) For the reasons explained below, the Court denies the Bail Application.[1]

Section 3142(i) provides that a court may "permit the temporary release of [a pretrial defendant], in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such

---

[1] Medina requested a hearing on the Bail Application and submitted a waiver of appearance allowing counsel to speak on his behalf (see Bail Application; Waiver of Appearance, Dkt. No. 66). However, the Court finds that a hearing is not necessary under these circumstances. The parties' briefing has provided a sufficient record for decision, and the Court declines to reopen the initial bail hearing under 18 U.S.C. Section 3142(f). See United States v. Livingston, No. 20 CR 52, 2020 WL 1853662, at *1, *1 n.1 (S.D.N.Y. Apr. 10, 2020).

1

release to be necessary for preparation of the person's defense or for another compelling reason." Section 3142(i). "In considering whether there is a compelling reason for a defendant's release under this provision, however, a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." United States v. Chambers, No. 20 CR 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks omitted).

Medina does not argue that temporary release is necessary for preparation of his defense. Instead, he argues that his diabetes and hypertension put him at greater risk of negative complications from infection by the coronavirus, which constitutes a compelling reason justifying his temporary release. (See generally Bail Application.) As Medina notes, multiple courts have found that the combination of the COVID-19 pandemic and a defendant's serious medical conditions may be a compelling reason counseling in favor of bail under the defendant's particular circumstances. See, e.g., United States v. Perez, No. 19 CR 297, 2020 WL 1329225 (S.D.N.Y. Mar. 19, 2020). Medina thus requests that he be released to Arizona

2

under home incarceration and electronic monitoring, among other conditions of bail. (See Bail Application at 2, 9.)

The Government challenges that Medina has demonstrated a sufficiently compelling reason for release and notes that he is both a danger to the community and a flight risk. (See generally Government Opposition.) It notes that at Medina's initial bail hearing, he faced a presumption that no combination of conditions would reasonably assure his appearance or the safety of the community because he was charged with a crime carrying a maximum term of imprisonment exceeding ten years. See 18 U.S.C. § 3142(e)(3). The Government insists that Medina remains a flight risk and danger to the community based on a variety of prior misconduct. (See Government Opposition at 1-4.)

The Court agrees that Medina has not provided a compelling reason for temporary release given the significant evidence that he remains a flight risk. In particular, the Government has pointed to Medina's failure to comply with monitoring and reporting requirements imposed in connection with a 2013 immigration case. Not only did Medina apparently fail to regularly report to authorities as required, he tampered with his ankle monitor and remains a fugitive from Immigrations and Customs

3

Enforcement in 2020. (See id. at 2, 4.) Considering Medina's past frustration of monitoring conditions, the substantial sentence he may face if convicted in this case, and the complications that this pandemic presents for pretrial supervision, the Court is persuaded that releasing Medina from the MDC to Arizona would present a serious risk of flight. Moreover, Medina has an extensive history of criminal misconduct including a 1993 drug conviction that resulted in a five-year sentence and a charge of falsely claiming United States citizenship that resulted in his prior removal from the country. (See id. at 1–4.) Medina's history of prior offenses and the substantial sentence he faces for the narcotics trafficking activity charged in this case both weigh in favor of detention. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987).

The Court is mindful that the current pandemic poses a substantial threat to the health of inmates with serious medical conditions across the country, and that this threat may present a compelling reason warranting certain defendants' temporary release on bail. However, numerous courts have nevertheless denied bail to defendants with underlying health conditions where the risks that justified the defendants' initial detention continued to outweigh the

risks that the coronavirus might pose for the defendants. See, e.g., Chambers, 2020 WL 1530746, at *1 (denying bail to defendant with asthma); United States v. Hamilton, No. 19 CR 54, 2020 WL 1323036, at *1-2 (E.D.N.Y. Mar. 20, 2020) (denying bail to defendant with history of stroke and heart attack). The Court is similarly not persuaded that Medina's health conditions amount to a compelling reason justifying his release in light of the many considerations reflecting that he remains both a danger and a flight risk.

Accordingly, for the reasons discussed above, it is hereby **ORDERED** that the motion of defendant Antonio Medina for temporary release on bail pursuant to 18 U.S.C. Section 3142(i) (Dkt. No. 62) is **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         15 April 2020

_____
Victor Marrero
U.S.D.J.